Good morning, Your Honors. May it please the Court, Vivian Fu for Petitioner-Appellant Uriel Gonzalez. I'd like to reserve two minutes for rebuttal. The sole issue on appeal in this case is whether Mr. Gonzalez's 2013 amended judgment is a new intervening judgment pursuant to Magwood v. Patterson and Wentzel v. Nevin, such that his current habeas petition is not second or successive. California law mandates that a defendant must be credited for time spent in custody, and that credit determination is part of the judgment pronounced by the sentencing court and pursuant to which a petitioner is held in custody. A sentence that does not properly credit pre-sentence custody is an unauthorized sentence imposed in excess of the court's jurisdiction. So when the state court corrected the calculation of custody in 2013, that resulted in a new amended judgment, which is reflected in the amended abstract of judgment, because... It didn't affect the verdict of guilt, right? No, but the conviction and sentence make up the judgment, and it's part of the judgment pursuant to which he is currently in custody. Do we judge by state law or federal law whether or not it's a new amendment? It's a technical correction, right? Well, no, actually, I believe state law would actually say that it's a substantive change. You think so? Yes. But before we get to... Are we judging this by state law standards or federal law? What is the test? I don't think it matters what the state calls it, because I think ultimately... You may not think it matters, but nevertheless, I'm asking you the question, so maybe it does matter. I think ultimately, it's a federal question whether... Well, ultimately, it's always a federal question, because in a federal court, even diversity cases, when you decide state law questions, ultimately, it's a... The question is what standard applies. If all the federal law does is piggyback on state law, then it may be federal, but do we use state standards? Do we use federal standards? I think the issue here is whether or not, under California state law, it's considered clerical, a clerical error or not. So it is a question of state law? Well, I think... I mean, let's say state law did determine it to be clerical. I know you think it's not, but let's say it did. Would that be the end of the case for you? No, I don't think so, because I think... I don't think that the federal court can just rely on what the state court says. I mean, what if the... Because if the state court just said some... A substantive error was a clerical error in that, and therefore, it wasn't an intervening judgment. I think you have to look behind if it actually is. Under Estella-Mussel McGuire, we can't second guess state court determinations of state law. Well, I don't know if it's an issue of... I don't know if it's an issue of state law, if there's a state law that actually says the determination of custody credits is clerical. I think under state law, it actually... It is a substantive change under state law. It's not a clerical... That it's not a clerical error. Okay. We don't have the determination here one way or the other from the state court. No, the state court did not... When the state court amended the judgment, it didn't actually label it as a clerical error. I guess you would say that's not an Estella situation, because there's no... Because the court did not... Right. If the state court had said this is a clerical error, then we'd be in a... We might be in a different position, but the state court did not... I'm just trying to understand your position. So your position is the state court didn't label it, so we look at it... You have nothing to do with... Using state standards, and in your view, we conclude that it's not... That it's not clerical. Substantive. That it's a substantive change. Okay. Fair enough. Okay. And I think this... Counsel, can I follow up a little bit? Sure. Is it a federal question, though, as to whether or not the amended abstract of judgment is a new and intervening judgment for purposes of determining whether or not it's possible to have a second or successive petition? Yes, I believe it is. And that's really the question, isn't it, before the court? Yes. Whether or not this... Whether the 2013 judgment is a new intervening judgment. Yes. Thank you. I would agree with the court. How do you marry those two arguments? If the state... If in your... You know, if we adopt your view or accept your view that it's not... That it's substantive. What follows from that... I'm sorry. That it's substantive of the state law in answering Judge Burke's question, how would that feed into the federal law question? I'm not... Well, if state law says it's substantive, in answering Judge Burke, you said we still have to make a determination of federal law, whether that's an intervening judgment, right? Well, I think that would be... And how does the determination, in your view, that it's substantive, how does that feed into the federal question? Well, I... Why don't you just say that if it's a substantive one for purposes of state law, that's the end of the inquiry. We accept the state's judgment. But... I thought that was going to be your answer. If the state went the other way, then we'd have to look at the state erroneous decision under federal law. That would give you a good answer that would satisfy everybody, at least from your standpoint. Yes. Yes, Your Honor. Okay. All right. You're the same. You know, I asked you a question, and then Judge Burke asked you a question that said there was an independent decision of the state under federal law. And I was wondering exactly for the reason Judge Reinhart explained, I would have thought your position is once the state law question is decided, the federal question is automatic, which is, I think, what you said yes to Judge Reinhart. But I was confused when you told Judge Burke that there is a separate independent decision to be made under federal law. I'm sorry. I wasn't more clear. I probably wasn't clear in my question. So I think we now know where you are. And you might as well save your rest three minutes unless you get something. Okay. I will reserve the rest of my time. Okay. Thank you. Good morning. May it please the Court. Stephanie Brennan on behalf of the warden. There is no new intervening judgment in this case. Something happened. Sure. What happened is they fixed a mathematical error, which... Now, opposing counsel says the first sentence was illegal under state law. So it wasn't just fixing. It wasn't sort of like correcting the spelling of Mr. Gonzalez's name. Let's say it's spelled with an S or something. They changed the spelling. Or they got the date of birth wrong. This was a sentence that was illegal because it didn't contain a correct calculation of time served. And I believe that the state cases that have... Is opposing counsel right about that? It's an illegal sentence to the extent that the court had the jurisdiction to go back and fix this mathematical error, which under state law has been viewed as a type of clerical error. So I think going back to the questions that you asked counsel before as to how we decide this, we decided by looking at... The Supreme Court has said that the final judgment in a criminal case is this sentence. Well, didn't the sentence change here? No. Didn't it get lowered? No. The amount of time got lowered, didn't it? He still has the same 65-year-to-life sentence. What I believe Your Honor is talking about would be more of what his release date is. Basically, what are the conditions of his sentence? Not his sentence. His sentence is... I don't understand that, I must say. If I get sentenced to 5 years when the maximum is 4 years and it's an illegal sentence, you say that only affects my release date, it doesn't affect anything that's significant? Your Honor, that's not what happened here. I know that's not what happened. I'm giving you an example of your statement that it only affects the release date, as if that's something that doesn't really matter. Your Honor, in your example, I would say that, yes, that would be a situation... That would just affect my release date, that's all. I get released in 4 years instead of 5. And if I understand Your Honor's question, it was whether he's sentenced to 4 years as opposed to 5 years, or he was sentenced to 5 years as opposed to... But all that does is affect my release date, that's all. But in that situation, his sentence was 5 years when it should have been 4 years. Here, it's still 65 years to life. Well, that's part of the sentence. That is his sentence. But what they've talked about in terms of this pre-sentence custody court really is more a condition of the sentence or a condition of how he's serving the sentence. It's saying he spent... It's the length of time. It's the length of... But that's not what his sentence was. His sentence has and always has been 65 years. What you call a sentence is something that doesn't... When you get out, you say it doesn't matter. What matters is what the sentence is. Well, it certainly matters to the defendant as to when he gets out. It matters to everybody, I would think. When you get out, it's the most important thing about a sentence. Yes, but when they impose a sentence, they say, you've been sentenced to 10 years. They don't say, you've been sentenced to 10 years. I see you've got 1 year of custody credit. Therefore, your sentence, I'm sentencing you to 9 years. It has always been 10 years. What the custody credit is is basically an accounting feature, right? So when you say you're sentenced to 10 years, but it doesn't really mean 10 years, it means you're sentenced to serve 9 years. And that's just because he has already served that 1 year. Similarly, if we're looking at this as to looking at release date, remember that prisoners, they also... Maybe we can come up with a more favorable example for you. Sure. Let's say you get sentenced to prison for a year for 13 months, which I think is prison time rather than jail time. Yes. And let's say you have custody credit of 3 months waiting for trial. That doesn't change your sentence to being a jail sentence, right? No. You still have a term that sends you to prison. Exactly. Even though you actually wind up spending, instead of 13 months, only 10 months. Exactly, Your Honor. Just in the way that prisoners, when they are in state prison, can get more custody credit for things that they do well. They can have custody credit that's docked for things that misconduct that occurs. But that's a decision made by the Department of Corrections, isn't it? That's not made by a court. Correct. This was a decision made by a court. Correct. But the real issue, if we're going to decide it, if we're going to say that the sentence is really how much time he spends in prison, then really there's no functional difference. If the original sentence had not been corrected, he would have spent more time in prison, correct? That's correct. More time than he should legally have spent in prison. That's correct, and that's why the sentence. And so why isn't this a very material change to the duration of his sentence? Because his sentence has remained the same. The only thing that has changed is that they're fixing this error that, under California law, has viewed as a ministerial mistake or a ministerial duty of fixing it. And that's why, in this case, they could and did make it functionally non-protonic, making it back to the original sentencing date. Does he have a release date at all? Since he has a sentence that's, well, first of all, 65 years to life, chances are he's not going to serve out even the bottom portion of it. But I thought that prisoners with a life sentence, I mean this is essentially a life sentence. It is a life sentence. There's a minimum, but I thought they don't have release dates until... He's a long way from getting that, would be my understanding. Well, but let's say he were. Let's say it's 5 years to life or 10 years to life. Until you get past that minimum amount where you're sort of eligible for, what is it, parole? Be eligible for parole. Eligible for parole. And until he gets a release date from the parole board, is it the parole board in California? It would be the parole board, yes. I forget. The governor has to sign off on it. It's complicated. But anyway, I thought he doesn't get a release date until he goes through that process. Correct. And because there are so many things that can happen in the interim. I mean, one, he has to, there's a long time before he even gets there. Well, I'm actually just asking a slightly different question. Was there really a change to his release date? Or was it just an internal calculation, if and when he gets a release date, this is going to be calculated by giving him 21 extra days? Exactly. He does not now have a release date. I know you don't know it for a fact, but as a matter of law. It would be my understanding that no. As a matter of law, you can't have a release date until you. Gets closer to it, because we're a long way away from that. Let me ask you, it may not even matter whether there is a change, isn't it? Is that not right? Under Magwood, it was the same sentence that was imposed for the second time? Sure. In Magwood, it was where the original death sentence was vacated by the federal district court. There was a new sentencing hearing, and a new death sentence was imposed. Right. And it was the same, exact same sentence as it had been before. Yes. But it was a new sentence. It was a new sentence, but that hasn't happened here. No, what I'm saying, it doesn't even matter necessarily whether there's a change in the sentence. It's a question of when the effective sentence was imposed. Yes. And here the effective sentence was imposed in 2005. Well, that's the question. Yes. But our position is that it has, it's unlike Magwood and it's unlike Wentzel. Wentzel also involved a situation where the prisoner's sentence was reduced by 10 years because they vacated one of the counts. But an error in sentencing, an error in credits is a sentencing error under Delgado, isn't it? And I think it's what we view as kind of loose language or giving the court, the state court, the opportunity to go back and fix that math error, that sort of clerical error, the ability to get it right. But it has, as I've talked about, it's ministerial. It involves no legal analysis, and that's why you can do it non-proton. That's why there's no intervening judgment in this case. Do you also distinguish the Stancil case from the Sixth Circuit, or do you think that case is wrongly decided because that case also didn't change the custody time? Your Honor, I remember that the Stancil case, I read it quite a long time ago and I didn't put it in here. It's the Sixth Circuit. Who cares? Oh, I'm sorry. Your Honor, I guess this is the. . . On behalf of a judge in the Sixth Circuit, some people care. No. Your Honor, we are bound by this Court's decision in Wentzel. There are the certain courts have been differing as to their approaches to what is an intervening judgment. Well, if on one occasion the Sixth Circuit shows some wisdom, shouldn't we give credit to that rare ethic? Well, Your Honor, I would. . . Were they affirming Judge Brewer? Your Honor, I would say that I would respectfully disagree with the Sixth Circuit, and especially because in this situation we're going to look really again at what California says as to what is its sentence. Of course, we're bound by federal law as saying that the judgment is the sentence, but you need to look at California law and the way that they treat it. And here it really was just a math error. It was a ministerial duty that the State Court performed. Nothing was changed. What if it was a math error in the sentencing guidelines, and then they redid the sentence, but it was only a math error? Well, Your Honor, I think that could be different because it is actually the sentence. For example, in the 28-J letter about the case of Rotoba that this Court decided not too long ago, that was a situation where there was perhaps a misinterpretation of the guidelines or of the statute. He was sentenced to 95 years to life. They realized that, no, you couldn't impose two two-year enhancements. It really should have only been two one-year enhancements. His sentence was reduced from 95 to 93 years. And it would seem that under what this Court has said in Wentzell, that that situation, where there is an actual change in the sentence, that would be an intervening judgment. But that's not what's happened here. Unless Your Honors have any further questions. No, thank you very much. Thank you. I just want to, I think it does come down to the fact that under California law, this was an unauthorized sentence imposed in excess of the Court's jurisdiction. And under California law, it's, the function of a non-potent order is to correct the record of judgment and not to alter the judgment that was actually rendered. And in this case, the district court just kind of said, oh, well, it must be non-potent. Therefore, it must be clerical. Therefore, it's not substantive. What do you make about opposing counsel's argument that this is not a change in sentence at all? It's merely calculation of a credit. And, you know, sure, that was a mistake, but the sentence is not. But I think it was, well, I think because it was unauthorized under California law, no matter how small, no matter how small the change or how, you know, trivial. Is it a change in the judgment? Sorry? Is it a change in the judgment? I think it results in a change in the judgment because the judgment is the. Judgment looks the same. It still says 65 to life. Well, to Judge Briggs' point, the Sixth Circuit case in Stancil, the sentence is also the same. And I think. You know, what's the issue here? What the judgment is or what the sentence is? The sentence is part of the judgment. Really? So I think the issue is whether the 2013 judgment is a new intervening judgment. Yes, judgment. Not whether it's an intervening sentence, whether it's a judgment that's been amended. Correct. But the judgment was amended. I mean, the court. I understand that. I just am trying to get you to say that we're not looking at what the sentence is. We're looking at what the judgment is. And it's a new judgment. And that's the issue before this court. Yes. Is whether this is the judgment we should be looking at or the prior judgment, unamended judgment. Yes. I think you two should swap places. All right. Thank you very much. Thank you.
judges: Reinhardt, Kozinski, Berg